JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TROISI

**DEFENDANTS**
MRS BPO, LLC, DOES 1 THROUGH 10

(b) County of Residence of First Listed Plaintiff  Bucks County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Cherry Hill, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1692 et seq.
Brief description of cause:
FDCPA Claim

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  7/26/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

TROISI                                                      :                    CIVIL ACTION
                                                            :
                                  v.                        :
                                                            :
MRS BPO, LLC, et al.                                        :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| 8/26/15 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006

Address of Defendant: 1930 Olney Avenue Cherry Hill, NJ 08003

Place of Accident, Incident or Transaction: Bucks County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                        Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                     Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                     Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                     Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                     Yes☐   No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
    6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 8/26/15 _____ _____ 87976
                          Attorney-at-Law                    Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/26/15 _____ _____ 87976
                          Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GUISEPPE TROISI, individually and on behalf of all others similarly situated, | **Class Action Complaint** |
| Plaintiff(s) | |
| v. | Civil Action No. |
| | Jury Trial Demanded |
| MRS BPO, LLC d/b/a MRS Associates; and DOES 1 through 10, inclusive, | |
| Defendant(s) | |

Plaintiff GUISEPPE TROISI (hereinafter "Plaintiff") on behalf of himself individually, and on behalf of all others similarly situated, alleges as follows:

## I.     INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq.

2.      In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.      Upon information and belief, Defendant used these very same tactics across the country against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.      Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.     THE PARTIES

5.      Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Bucks County.

1

6.      Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7.      Defendant MRS BPO, LLC d/b/a MRS Associates (hereinafter "Defendant") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania.

8.      Indeed, on its own website, www.mrsbpo.com, Defendant provides the following description of itself:



See https://www.mrsbpo.com/our-services/accounts-receivable-management/, last visited on July 4, 2015.

9.      Upon information and belief, Defendant is organized under the laws of the State of New Jersey, maintains its principal place of business address at 1930 Olney Ave., Cherry Hill, NJ 08003, and operates its debt collection enterprise from the same address.

10.      Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each

defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

11.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

12.     Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

13.     Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.      JURISDICTION AND VENUE

15.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

16.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a.      Plaintiff is a resident of the Eastern District of Pennsylvania and Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

    b.      Defendant conducts a substantial portion of its business in the Eastern

District of Pennsylvania.

## IV.   STATEMENT OF CLAIMS

### A.   BACKGROUND

17.     In April of 2015, Defendant sent Plaintiff a letter, dated April 15, 2015, regarding Plaintiff's alleged debt of $14,128.47 (hereinafter "Letter").  A true and correct copy of the letter (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

18.     The debt at issue was allegedly incurred as part of Plaintiff's personal educational loans.  See Exhibit "A."

19.     An attempt to collect upon a debt incident to enrollment in an educational institution falls within the scope of the FDCPA.  See, e.g., Easterling v. Collecto, Inc., 692 F.3d 229 (2nd Cir. 2012); Kort, et al. v. Diversified Collection Services, Inc., 394 F.3d 531 (7th Cir. 2005); Brannan v. United Student Aid Funds, Inc., 94 F.3d 1260 (9th Cir. 1996).

20.     The Letter was mailed in an envelope.  The return mailing address for the Letter was not physically printed on the outside of the envelope and, instead, was visible through a glassine window, appearing as follows:



21.     The redaction above the return address that is set forth above covers a bar code. This bar code contains Plaintiff's personal, identifying information.

22.     Indeed, the information that appeared in the bar code at issue was associated

4

solely with Plaintiff.

23.     Bar codes can be easily deciphered, using widely-available free applications for "smart" phones or other mobile devices.  In fact, many consumers have these applications already installed (and use them regularly) to enable access to the so-called "QR Codes" – a specific type of bar code used in marketing literature to direct a consumer's "smart" phones or mobile device to a website merely by scanning the code.  Thus, many consumers have installed various bar code readers/applications on their phones to take advantage of the convenience offered by scanning "QR Codes."  See generally http://www.bloomberg.com/bw/articles/2012-12-17/how-the-bar-code-took-over-the-world, last visited on August 21, 2015; http://www.scanlife.com/news/report-shows-scanbuy-processed-over-21-million-mobile-barcode-scans-in-q2-2, last visited on August 21, 2015.

24.     Thus, anyone could scan the bar code contained in the Letter, which was clearly visible through the glassine window, and gain personal information about Plaintiff.

25.     Moreover, a designated alphanumeric sequence appears directly above Plaintiff's name in the top third of the correspondence.  See Exhibit "A."

26.     The letter was sent in a "glassine window" envelope and the alphanumeric sequence at issue was clearly visible through this window.  See Exhibit "A."

27.     Upon information and belief, the alphanumeric sequence at issue was used to identify Plaintiff in connection with Defendant's collection efforts.  See Exhibit "A."

28.     The alphanumeric sequence at issue constitutes personal identifying information.

29.     Defendant disclosed the alphanumeric sequence at issue on the face of the envelope Defendant used to send this letter to Plaintiff.  See Exhibit "A."

30.     The letter identified the figure of $14,128.47 as the "Account Balance," but did

not explain or otherwise articulate how this amount was calculated.

31.    The letter stated in relevant part as follows:

> Dear GUISEPPE TROISI,
>
> The above referenced client has placed your account with our office for collection.   We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.
>
> Resolving a long overdue debt is never easy.   Often the hardest part is taking the first step.   We are ready to assist you to find a solution that is both fair and reasonable.
>
> Contact us and take the first step toward improving your financial situation.

32.    However, the letter did not provide or otherwise identify the name of Defendant's "client."  See Exhibit "A."

33.    On May 29, 2015, Plaintiff sent Defendant a formal validation demand.  A true and correct copy of the letter (redacted for purposes of privacy) is marked and attached hereto as Exhibit "B."

34.    The validation demand disputed the obligation at issue and formally requested, *inter alia*:

> a.    "A detailed account of all payments made" with respect to the account at issue;
>
> b.    "A detailed account of all late charges, interest charges, collection charges, penalty charges, and/or 'default' charges assessed . . . and/or sufficient to determine how the alleged balance of the obligation was calculated;" and
>
> c.    "Any document sufficient to identify [Defendant's] authority to collect the alleged debt at issue."

Exhibit "B."

35.    On June 29, 2015, Plaintiff received Defendant's purported response to his validation demand, which totaled four (4) pages, including one, undated cover letter.  A true and

6

correct copy of the correspondence at issue (redacted for purposes of privacy) is marked and attached hereto as Exhibit "C."

36.     The three (3) pages comprising Defendant's substantive response included two barely-legible pages from an application for a student loan in the amount of $22,000.00, dated August of 2005.  See Exhibit "C."

37.     The final page of Defendant's response appears to have been titled "Promissory Note."  See Exhibit "C."

38.     Notably, however, the bottom of this page reflects that it was one of five (5) pages comprising the so-called "Promissory Note."  See Exhibit "C."  The other four (4) pages were not included in Defendant's response to Plaintiff's validation demand and were never provided.

39.     Ultimately, Defendant's response to Plaintiff's validation request was woefully insufficient in that:

      a.     It was clearly incomplete;

      b.     It failed to identify either the original creditor or Defendant's "client" to whom the alleged obligation was now purportedly owed;

      c.     It contained no calculation or explanation how Defendant determined the balance of Plaintiff's alleged obligation; and

      d.     It did not explain or otherwise provide documentation of Defendant's authority to collect upon the account at issue.

40.     By disclosing Plaintiff's personal, identifying information on an envelope sent through U.S. mail, Defendant significantly increased the risk that Plaintiff would be a victim of identity theft.

41.     Section 1692(f)(8) of the FDCPA specifically prohibits "[u]sing any language or

symbol, other than the debt collector's address, on any envelope when communicating with a consumer."

42.     The disclosure of Plaintiff's personal, identifying information on the face of the envelope violated Section 1692(f)(8).  See Douglass, et al. v. Convergent Outsourcing, 765 F.3d 299 (3rd Cir. 2014); Kostik v. ARS National Services, Inc., 2015 WL 4478765 (M.D.Pa. 2015).

43.     Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice (hereinafter "Notice").   The Notice provides important information about the alleged debt and a consumer's rights as more specifically set forth as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1)     the amount of the debt;
>
> (2)     the name of the creditor to whom the debt is owed;
>
> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

44. Defendant's letter of April 15, 2015, was Defendant's "initial communication" with Plaintiff and contained a purported Notice, as paraphrased by Defendant. See Exhibit "A."

45. However, Defendant did not adequately or effectively disclose "the name of the creditor to whom the debt is owed," as required by FDCPA. See 15 U.S.C. § 1692g(a)(2).

46. In addition, Defendant failed to properly respond to Plaintiff's validation request, violating 15 U.S.C. § 1692g(a)(4).

47. Indeed, the information turned over by Defendant was entirely unresponsive to Plaintiff's inquiry, in that, *inter alia*:

    a. It failed to identify either the original creditor or Defendant's "client" to whom the alleged obligation was now owed;

    b. It contained no calculation or explanation how Defendant determined the balance of Plaintiff's alleged obligation; and

    c. It did not explain or otherwise provide documentation of Defendant's authority to collect upon the account at issue.

See Exhibit "C."

48. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

49. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

50. Plaintiff and the Class he seeks to represent have been (and will continue to be) harmed due to Defendant's conduct, as set forth herein.

51. Plaintiff and the Class he seeks to represent have suffered and will continue to suffer damages due to Defendant's conduct, as set forth herein.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on behalf of himself and a class of similarly-situated individuals pursuant to Fed.R.Civ.P. 23, defined as follows: all natural persons in the territorial jurisdiction of the U.S. District Court for the Eastern District of Pennsylvania, who were sent a letter from Defendant, in the course of Defendant attempting to collect a debt, with a personal identifying information visible on the face of the envelope, during the statutory period covered by this Complaint.

53.     The number of individuals in the Class is so numerous that joinder of all members is impracticable.  The exact number of members of in the Class can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

54.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel that is experienced and competent in class action and consumer litigation, including FDCPA litigation.  Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

55.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

56.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Further, absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their

violations of the FDCPA.  In addition, Defendant is likely to continue to violate this statute.

57.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

58.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The questions of law and fact common to the Class predominate over any questions affecting solely individual members of the action.   Among the common questions of law and fact are:

      a.     Whether Defendant is a "debt collector" under the FDCPA;

      b.     Whether Defendant disclosed the alphanumeric sequence on the face of the mailing envelope;

      c.     Whether Defendant violated 15 U.S.C. § 1692f; and

      d.     Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

59.     Plaintiff's claims are typical of the claims of members of the Class.  Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

60.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**COUNT I**
**FDCPA**
**(On behalf of Plaintiff and the Class)**

61.     Plaintiff hereby incorporates all facts and allegations of this document by

reference, as if fully set forth at length herein.

62.     Defendant is a "debt collector" as that term is defined under the FDCPA.

63.     As described herein, the actions of Defendant violate the applicable provisions of the FDCPA.

64.     Defendant's violations with respect to its collection efforts, include but are not limited to, using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumer, in violation of 15 U.S.C. § 1692f(8).

65.     As a result of Defendant's violations of the FDCPA, Plaintiff and the members of the Class have suffered damages in an amount to be determined at trial.

**COUNT II**
**FDCPA**
**(On behalf of Plaintiff)**

66.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

67.     As described herein, the actions of Defendant violate the applicable provisions of the FDCPA.

68.     Defendant's violations with respect to its collection efforts, include (but are not limited to) failure to adequately or effectively disclose "the name of the creditor to whom the debt is owed" and failure to properly respond to Plaintiff's validation request.  See 15 U.S.C. § 1692g(a)(2), (a)(4)

69.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

**V.     CLAIM FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

12

(a)     A Declaration that Defendant has violated the applicable provisions of the FDCPA;

(b)     An Order designating this action as a class action pursuant to Fed.R.Civ.P. 23;

(c)     An Order appointing Plaintiff and his counsel to represent the Class;

(d)     An Order enjoining Defendant from any further violations of the FDCPA;

(e)     Actual damages;

(f)     Statutory damages;

(g)     Attorneys' fees and costs; and

(h)     Such other relief as the Honorable Court shall deem just and appropriate.

## VI.     <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

13

Date: <u>August 26, 2015</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class

14

# EXHIBIT "A"



Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

Send Payment/Correspondence to:
MRS Associates
1930 Olney Ave.
Cherry Hill, NJ 08003
800-949-3205

*Office Hours :*

| | | |
|---|---|---|
| Monday - Thursday | 9am - 9pm | ET |
| Friday | 9am - 8pm | ET |



GUISEPPE TROISI

April 15, 2015

| RE: LOAN SCIENCE |
|---|
| CLIENT ACCT#: xxxx2 EZ |
| MRS ACCT#: |
| **ACCOUNT BALANCE : $14,128.47** |

Dear GUISEPPE TROISI,

The above referenced client has placed your account with our office for collection.  We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.

Resolving a long overdue debt is never easy.  Often the hardest part is taking the first step.  We are ready to assist you to find a solution that is both fair and reasonable.

Contact us and take the first step toward improving your financial situation.

**IMPORTANT CONSUMER INFORMATION**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $14,128.47.  Because interest may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check.  For further information, write the undersigned or call 800-949-3205.

Sincerely,

MRS Associates
800-949-3205
MRS Associates is a trade name of MRS BPO, L.L.C.

Tax time is a great time to put issues like this behind you. Consider using your tax refund to satisfy your outstanding obligation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



PRESORTED
FIRST CLASS

US POSTAGE
$00.40⁶
APR 20 2015
ZIP   48068
   000379
21 3006574

GUISEPPE TROISI

# EXHIBIT "B"

# KALIKHMAN & RAYZ, LLC

### ATTORNEYS AND COUNSELORS AT LAW

**1051 COUNTY LINE ROAD, SUITE "A"  HUNTINGDON VALLEY, PA 19006**
**PHONE: (215) 364-5030 (✆) FAX: (215) 364-5029**

May 29, 2015

**Via Facsimile Only (856) 988-7552**

MRS BPO, LLC
d/b/a MRS Associates
1930 Olney Ave
Cherry Hill, NJ 08003

    **RE:** Guiseppe Troisi

To whom it may concern,

   Please be advised that this office represents the above-referenced individual.

   First, you are hereby placed on notice that, unless explicitly authorized in writing by my office to the contrary, all future communications, directed to any alleged debtor of the above-referenced account, are to be directed to my office.

   Second, by way of this correspondence, I ask that you provide my office with the following materials regarding the alleged debt within thirty (30) days of your receipt of this letter:

- Copies of all credit applications, agreements, and/or contracts (signed or unsigned), as well as any amendments thereto;

- A copy of all correspondence sent by you with respect to the alleged debt (including any communications with my client);

- A copy of all correspondence received by you with respect to the alleged debt;

- A detailed account of all payments made to the above-referenced account;

- A detailed account of all late charges, interest charges, collection charges, penalty charges, and/or "default" charges assessed to the above-referenced account and/or sufficient to determine how the alleged balance of the obligation was calculated;

- Any document sufficient to identify your authority to collect the alleged debt at issue;

- A detailed copy of all telephone logs related to the above-referenced account; and

Page 2 of 2

- Copies of all retrievable information in computer storage that relate (in any way) to the above-referenced account.

As you can appreciate, **until the above-referenced materials are provided, the alleged debt is disputed**. Therefore, any publication, reporting, or placement of any negative information with any credit reporting agency with respect to said debt shall be treated as a violation of the applicable state and federal law.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Eric Rayz, Esquire

ER/az

cc:   Guiseppe Troisi

```
✗   ✗   ✗   Communication Result Report ( May. 29. 2015 10:46AM )  ✗   ✗   ✗
                                                                              1)
                                                                              2)
```

Date/Time: May. 29. 2015 10:46AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 0294 | Memory TX | 18569887552 | P. 2 | OK | |

```
Reason for error
      E. 1) Hang up or line fail            E. 2) Busy
      E. 3) No answer                       E. 4) No facsimile connection
      E. 5) Exceeded max. E-mail size
```



**KALIKHMAN & RAYZ, LLC**
ATTORNEYS AND COUNSELORS AT LAW

1051 COUNTY LINE ROAD, SUITE "A" · HUNTINGDON VALLEY, PA 19006
PHONE: (215) 364-5030 ✦ FAX: (215) 364-5029

May 29, 2015

Via Facsimile Only (906) 888-7652

MRS BPO, LLC
d/b/a MRS Associates
1930 Olney Ave
Cherry Hill, NJ 08003

RE:     Guiseppe Trobal ▬▬▬▬▬▬▬▬▬▬

To whom it may concern,

Please be advised that this office represents the above-referenced individual.

First, you are hereby placed on notice that, unless explicitly authorized in writing by my office to the contrary, all future communications, directed to any alleged debtor of the above referenced account, are to be directed to my office.

Second, by way of this correspondence, I ask that you provide my office with the following materials regarding the alleged debt within thirty (30) days of your receipt of this letter:

- Copies of all credit applications, agreements, and/or contracts (signed or unsigned), as well as any amendments thereto;
- A copy of all correspondence sent by you with respect to the alleged debt (including any communication with any client);
- A copy of all correspondence received by you with respect to the alleged debt;
- A detailed account of all payments made to the above-referenced account;
- A detailed account of all late charges, interest charges, collection charges, penalty charges, and/or "default" charges assessed to the above-referenced account and/or sufficient to determine how the alleged balance of the obligation was calculated;
- Any document sufficient to identify your authority to collect the alleged debt at issue;
- A detailed copy of all telephone logs related to the above-referenced account, and

WWW.KALRAATLAW.COM

# EXHIBIT "C"



*INNOVATIVE SOLUTIONS. REAL RESULTS.*

Dear Eric Rayz Esq.,


Enclosed please find the documents you have requested.

If you have any questions or require additional information, please do not hesitate to contact us.


Yours truly,


MRS BPO, LLC

Enclosures


This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## Education Finance Partners Private Loan

☐ Student as Borrower   ☒ Student with Co-Borrower   ☐ Sponsor(s) as Borrower(s)

### A – Student Information

Last Name **Trolsi**   First Name **Guiseppe**   M.I.   Suffix (Jr. Sr.)   State

Date Of Birth ____   Social Security # ____   State ID Or Driver's License # ____   State

School Name **Saint John's University**   City **Jamaica**   State **NY**   Zip **11439**

Academic Period: **Fall/Spring 2005-2006**

Enrollment Status: ✔ Full-Time   At Least Half Time   Less Than Half Time

Grade Level: Undergraduate  1 **2** 3  4  5   Graduate  1  2  3  4  5   Major: **Undecided**

### B – Borrower Information

Last Name **Trolsi**   First Name **Guiseppe**   M.I.   Suffix (Jr. Sr.)

Date Of Birth ____   Social Security # ____   State ID Or Driver's License # ____   State

U.S. Permanent Home Address (No P.O. Box) ____   Apt

City **Warminster**   State **PA**   Zip **18974**   Length At Address 1   Yrs 0   Mos

If Less Than 1 Year, List Previous Address ____   City   State   Zip

Home Telephone ( )   Mobile ( )   E-mail Address

Are You A U.S. Citizen? ✔ Yes   No   If No, Are You A Permanent U.S. Resident? Yes No   If Yes, Provide Your Permanent Resident Number

Gross Monthly Income* $ ____   Monthly Income Source   Employer  Self Employed  Retired  Other

Employer/Company Name ____   City   State

Employer Telephone ( )   Position   Years There 0   Yrs 0   Mos

If Less Than 1 Year, List Previous Employer ____   Telephone ( )   Position

Additional Recurring Monthly Income* $ 0   Additional Recurring Monthly Income Source   Monthly Housing Expense $ 1,100.00

Own ✔ Rent   Live With Parents   Live On Campus

Loan Amount Requested $ **22,000.00**   Borrower's Relationship To Student **Self**

*You may borrow up to the full cost of education minus any financial aid you are receiving. Your school may be requested to certify this amount, and the final approved loan amount could be less than the amount requested.*

Preferred In-School Payment Options: ✔ DEFERRED Payments   INTEREST-ONLY Payments   PRINCIPAL AND INTEREST Payments

*If you do not choose an option, principal and interest payments will be deferred while the student is in school.*

### C – Co-Borrower Information

Last Name ____   First Name ____   M.I.   Suffix (Jr. Sr.) **Jr**

Date Of Birth ____   Social Security # ____   State ID Or Driver's License # ____   State

U.S. Permanent Home Address (No P.O. ____   Apt

City **warminster**   State **PA**   Zip **18974**   Length At Address   Yrs 0   Mos

If Less Than 1 Year, List Previous Address ____   City   State   Zip

Home Telephone ____   Mobile ( )   E-mail Address ____

Are You A U.S. Citizen? ✔ Yes   No   If No, Are You A Permanent U.S. Resident?  Yes  No   If Yes, Provide Your Permanent Resident Number

Co-Borrower's Relationship To Student ____

Gross Monthly Income* $ ____   Monthly Income Source   Employer  Self-Employed  ✔ Retired  Other

Employer/Company Name ____   City   State

Employer Telephone ( )   Position   Years There 0   Yrs 0   Mos

If Less Than 1 Year, List Previous Employer ____   Telephone ( )   Position

Additional Recurring Monthly Income* $ ____   Additional Recurring Monthly Income Source   Monthly Housing Expense $500

✔ Own   Rent

*Income verification may be required. Alimony, child support or separate maintenance income need not be disclosed if you do not wish to have it considered as a basis for repaying this loan.*

Application I.D. ____

# Education Finance Partners
## Private Loan

### D – Reference Information

**Individuals used as a reference must be an adult relative residing at a U.␣ address that is different than yours.**

Borrower Reference Information

| | | |
|---|---|---|
| Last Name ███ | First Name ███ | M.I. |
| Permanent Address ███ | City Hatboro | State PA   Zip 19040 |
| Home Telephone ( ███ | Relationship To The Borrower ███ | |

Co-Borrower Reference Information

| | | |
|---|---|---|
| Last Name ███ | First Name ███ | M.I. |
| Permanent Address ███ | City hatboro | State PA   Zip 19040 |
| Home Telephone ( ███ | Relationship To The Co-Borrower ███ | |

### E – Borrower/Co-Borrower Signatures

**Certification and Authorization:** By signing below, each Borrower and ␣ Borrower (each a "Borrower") certifies that the information contained in this Application is accurate and complete, and that the Student will use the proceeds of any loan ext␣ led under this Education Finance Partners Private Loan Program only for educational expenses at the school indicated above. The Borrower(s) also certify that they have ␣ obtained, or plan to obtain, funding for the loan period covered in this Application from another source or lender. Union Bank of California, N.A. is Eligible Lender Truste␣ or the account of Education Finance Partners, Inc. and its subsidiaries (the "Lender"). By signing below, each Borrower authorizes the Lender and its agents (1) to invest␣ ate and verify credit, employment and other information bearing on Borrower's qualifications to participate in this Loan Program, including obtaining consumer reports f␣ n consumer reporting agencies; and (2) to share such information with each other and with the Student's school in connection with the Lender's evaluation of this credit A␣ plication.

**Please read the state law notice below before signing this Appli␣ tion.**

| | |
|---|---|
| Signature Of Borrower  ███ | Date 8/12/05 |
| Signature Of Co-Borrower  ███ | Date 8-12-05 |

**Married Wisconsin Residents:** The Lender is required to provide notice ␣ n obligation to the spouse of the person obligated. If you are a married Wisconsin resident who is a Borrower or Co-Borrower please provide the name and address of you␣ spouse below so that the Lender can provide the required notice if the Borrower receives a loan

Spouse's Name _____   Spouse's Address _____

## STATE LAW NOTICES

**CALIFORNIA RESIDENTS:** A married applicant may apply for a separat␣ account

**MAINE, NEW YORK, AND RHODE ISLAND RESIDENTS:** Unio␣ Bank of California, N.A. or Education Finance Partners, Inc. may obtain a consumer re␣ t (credit report) about  the Borrower from a consumer reporting agency (credit bure␣ ). Upon Borrower's request  Borrower will be informed whether or not Union Bank of lifornia, N.A. or Education Finance Partners, Inc., as applicable, obtained a consumer repor␣ bout the Borrower and if so the name and address of the consumer reporting agency tha␣ urnished the report. If the Application is approved, subsequent consumer reports may be ␣ quested or used in connection with (a) renewal or extension of the credit for which the ␣ orrower has applied, (b) loan review, (c) taking collection action, or (d) other legitimate ␣ rposes.

**OHIO RESIDENTS:** The Ohio laws against discrimination require that all ␣ editors make credit equally available to all creditworthy customers and that credit ␣ porting agencies maintain separate credit histories on each individual upon request ␣ e Ohio Civil Rights Commission administers compliance with this law

**MARRIED WISCONSIN RESIDENTS:** No provision of a marital property agreement, a unilateral statement under Section 766.59 of the Wisconsin Statutes, or a court decree under Section 766.70 adversely affects the interest of the creditor unless, prior to the time the credit is granted, the creditor is furnished a copy of the marital property agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred if the loan for which the Borrower is applying is granted, their spouse will receive notification that credit has been extended.

**VERMONT RESIDENTS:** The Borrower authorizes Union Bank of California, N.A. or Education Finance Partners, Inc. to obtain credit reports now and in the future, for all legitimate purposes associated with this Application or the account including, but not limited to (a) evaluating the Application, and (b) renewing, modifying, and taking collection action on the account.

Borrower consent is required before the Lender can share certain credit information about the Borrower with their affiliates. The Lender is permitted to share information which is not on a credit report under Vermont law without the Borrower's consent, such as information related solely to the transactions and experiences with the Borrower



# Promissory Note

The words "I", "me", "my", "us" and "mine" mean the Borrower and Co-borrower(s), except where otherwise indicated. The words "Lender" "your", "your", and "yours" mean Union Bank of California N.A., as Eligible Lender Trustee for the account of Education Finance Partners, Inc., and its subsidiaries and assigns including any holder acquiring this Promissory Note by purchase. The words "Promissory Note" or "Note" mean this promissory note. Please see the Definitions section for the meanings of other capitalized terms.

**PROMISE TO PAY.** I promise to pay to the Lender or any holder of this Note all sums disbursed under the terms of this Note, together with the interest, late payment charges, and other fees and charges that are described in this Note, at the time(s) and place(s) designated in accordance with the terms of this Note. If I am signing as a Co-borrower, I understand that the Lender or holder may seek to enforce this Note against me before attempting to collect from the Borrower. I understand that a failure to complete the educational program for which this Loan is obtained does not relieve the Borrower or any Co-borrower of any obligations under this Note. The terms and conditions set forth in this Promissory Note, and the Spread and the Origination Fee disclosed in the notice of pre-approval that you will send to me constitute the entire agreement between you and me with respect to the Loan and there are no other written or oral agreements or understandings between us. My signature below certifies that I have read, understood, and agreed to all of the terms of this Note. I intend to be legally bound by this Note.

<u>NEVADA RESIDENTS:</u> **THIS IS A LOAN FOR STUDY.**

<u>VERMONT RESIDENTS:</u> **NOTICE TO CO-BORROWER: MY SIGNATURE ON THIS NOTE MEANS THAT I AM EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM ME.**

<u>MARRIED WISCONSIN RESIDENTS:</u> My signature below confirms that this loan obligation is being incurred in the interest of my marriage or family.

▬▬▬▬▬▬▬▬▬▬▬▬    ▬▬▬▬▬▬▬▬▬▬▬▬
(Signature of Borrower)      (Signature of Co-borrower)

**(NOTICE TO CONSUMER:** **(A) THIS PROMISSORY NOTE IS 5 PAGES LONG. I WILL NOT SIGN THIS NOTE BEFORE I HAVE READ ALL OF THE TERMS AND CONDITIONS ON EACH OF THE 5 PAGES (INCLUDING THAT STATE LAW DISCLOSURES THAT APPLY TO ME), EVEN IF OTHERWISE ADVISED. (B) I WILL NOT SIGN THIS NOTE IF IT CONTAINS ANY BLANK SPACES. (C) I AM ENTITLED TO AN EXACT COPY OF THIS AGREEMENT OR ANY OTHER AGREEMENT THAT I HAVE SIGNED. (D) I HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT.**

<u>CAUTION</u> – **IT IS IMPORTANT THAT I THOROUGHLY READ THE CONTRACT BEFORE I SIGN IT. THIS IS A CONSUMER CREDIT TRANSACTION.**

Signature of Borrower ▬▬▬▬▬▬▬▬▬▬▬ Date 8/12/05

Signature of Co-borrower ▬▬▬▬▬▬▬▬▬▬▬ Date 8-12-05

Student's Name: Guiseppe Trolsi  Application Number: 9000250000MG4P02M

MRS BPO, LLC
1930 OLNEY AVENUE
CHERRY HILL, NJ 08003



US POSTAGE
$01.20
First-Class
Mailed From 08002
06/25/2015
032A 0061817473

C/O Eric Rayz Esq
Kalikhman & Rayz, LLC
1051 County Line Rd
Suite A
Huntingdon, PA 19006